IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LOUIS A. SCHARDINE,<br><br>    Plaintiff,<br><br>vs.<br><br>THE ESTATE OF SARAH FLEMING, deceased, and DAVID A. FLEMING,<br><br>    Defendants. | CV 13-63-BU-DWM-JCL<br><br>ORDER |

## I. Introduction

Defendant the Estate of Sarah Fleming moves, under authority of Fed. R. Civ. P. 37(c)(1), to preclude Plaintiff Louis Schardine from presenting at trial the testimony of retained liability experts Joseph Golliher and William Sommers. Fleming contends Schardine failed to timely provide an adequate written report by the two expert witnesses as required by Fed. R. Civ. P. 26(a)(2)(B).

For the reasons detailed below, Fleming's motion is granted in part, and denied in part.

## II. Factual Background and Procedural History

This action has its genesis in an August 14, 2010 single vehicle accident

1

that left Sarah Fleming dead and Louis Schardine injured. After a night of drinking, the two departed an Ennis, Montana bar in Fleming's Ford pickup with her driving and Schardine a passenger. A short time later, the pickup left the roadway and crashed. An investigation revealed that Fleming's hair was found on the pickup's passenger-side door jam and head board.

Schardine was charged criminally with negligent vehicular homicide for the death of Fleming. *State v. Schardine*, Cause Number DC-29-10-29, Montana Fifth Judicial District Court, Madison County. But mid-trial a plea agreement was apparently reached, whereby Schardine pled guilty to misdemeanor drug possession and the homicide charge was dropped.

Schardine brings this action against the Estate of Sarah Fleming seeking compensation for the injuries he sustained in the referenced crash. Schardine alleges that Sarah's negligent operation of the Ford pickup caused his injuries. The Estate contends it is not liable to Schardine because it was not Fleming but Schardine who was operating the pickup at the time the crash occurred.

On October 29, 2013, the Court entered a Fed. R. Civ. P. 16(b) scheduling order that established a January 29, 2014 deadline for the disclosure of Fed. R. Civ. P. 26(a)(2)(B) expert witness written reports. The Court understands the parties informally agreed to extend that disclosure deadline to March 21, 2014.

The Estate complied with the Rule 26(a)(2) disclosure requirement with respect to both retained and non-retained expert witnesses. Plaintiff Schardine, in contrast, did not provide a written report for retained expert witnesses Golliher and Sommers that satisfied the requirements of Rule 26(a)(2)(B). Instead, Schardine provided a short statement drafted by his counsel that was bereft of any substance pertaining to the opinions to which the two experts would be expected to testify. With respect to Sommers the statement provided, in pertinent part: Mr. Sommers is a collision analyst and private investigator and is qualified to and will testify concerning his expert opinions as related to the facts of the accident. As to Golliher the statement provided, in pertinent part: Joseph Golliher is a Forensic Accident Reconstructionist, and is qualified to and will testify concerning the reconstruction of the accident and related facts and opinions. Schardine attached to this statement copies of both an affidavit and trial testimony given by Golliher in the criminal proceedings against Schardine.

On April 10, 2014, Schardine filed his response brief to the motion under consideration and attached an April 7, 2014 written report from Sommers. (Doc. 34 at 7-11.) Schardine did not, however, provide any written report as to Golliher.

### III. Analysis

#### A. William Sommers

Schardine first provided a Rule 26(a)(2)(B) report from Sommers after the Estate of Fleming filed its motion and approximately three weeks after the expert witness disclosure deadline had passed. Schardine offers no explanation as to why Sommers' report was not served in a timely fashion. Rather, Schardine argues that the Estate's motion to exclude Sommers' testimony should be denied because the Estate has not been prejudiced by the late disclosure.

The Estate rejoins that it will be prejudiced by the late disclosure because it allowed Sommers access to its expert disclosures during his own drafting process. And the Estate complains that it incurred attorneys' fees in filing its objection to the purported Rule 26(a)(2)(B) report prepared by Schardine's counsel.

Resolution of the Estate's motion is controlled by Fed. R. Civ. P. 16(b)(4) and 37(c)(1). Schardine implicitly seeks to modify the Rule 16 scheduling order to allow his late disclosure of Mr. Sommers. The Estate, in turn, invokes Rule 37(c)(1)'s exclusion sanction. The Court notes that the deadline for the completion of discovery is August 11, 2014, with trial scheduled for December 8, 2014.

Under Rule 16(b)(4), Schardine must show that good cause exists to modify

the scheduling order. Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of the party seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Good cause exists if the pretrial schedule cannot "reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (*quoting* Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 Amendment)). "If the party seeking a modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (*quoting Johnson*, 975 F.2d at 609). The Rule 16(b)(4) "good cause" standard, of course, applies to requests to modify the scheduling order for purposes of extending or reopening an expert disclosure deadline. *See Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Russell v. Lorillard, Inc.*, 2005 WL 1140018, at 1 (9th Cir. 2005); *Capitol Sprinkler Inspection, Inc. v. Guest Services, Inc.*, 630 F.3d 217, 226 (D.C. Cir. 2011).

In applying the Rule 16(b)(4) "good cause" standard, the Court must also take into consideration Fed. R. Civ. P. 37(c)(1), which provides in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure

5

was substantially justified or is harmless.

"Rule 37(c)(1) is a 'self-executing', 'automatic" sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). "The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless." *Goodman*, 644 F.3d at 827.

In *Wong*, the Ninth Circuit effectively addressed the interplay between Rules 16(b) and 37(c)(1) as they apply to the late disclosure of an expert witness. The court found that the trial court did not abuse its discretion in excluding witnesses not identified by the deadlines established in the court's Rule 16 scheduling order. *Wong*, 410 F.3d at 1060. In so doing, the court noted that "[d]eadlines must not be enforced mindlessly" because a good reason may exist to permit an identification of additional witnesses after the established deadline. *Wong*, 410 F.3d at 1060. One such reason might be that the necessity of the witness could not have been reasonably anticipated prior to the time the deadline elapsed. But because Wong had no good reason for late disclosure of the additional witnesses, the court found the district court was justified in excluding the additional witnesses under authority of Rule 16(b). *Wong*, 410 F.3d at 1060.

The court then proceeded to address Wong's argument that the court's

6

denial of his request to add expert witnesses violated Rule 37(c)(1). *Wong*, 410 F.3d at 1060. The court first concluded that because Wong had no good reason for failing to comply with the expert disclosure deadline, his failure was "without substantial justification" within the contemplation of Rule 37. *Wong*, 410 F.3d at 1060. And it found that the tardy identification was not harmless because allowing additional witnesses would have disrupted the schedule implemented by the court. *Wong*, 410, F.3d at 1060.

Following the analytical framework of *Wong*, the Court finds that Schardine has not established the existence of "good cause" to extend the deadline for the disclosure of expert witnesses. And Schardine does not argue otherwise.

The issue determinative of the Estate's motion then, is whether allowing the late disclosure of Mr. Sommers is "harmless" within the meaning of Rule 37(c)(1). Schardine, as the party seeking to avoid Rule 37's exclusionary sanction, bears the burden of proving harmlessness. *Yeti by Molly Ltd.*, 259 F.3d at 1107. The Court finds Schardine has sustained his burden.

First, the substance of Mr. Sommers' opinions was disclosed on April 7, 2014, approximately three weeks beyond the disclosure deadline – not an extreme delay. Second, allowing the late disclosure does not disrupt the Court's overall schedule for disposition of this action. Finally, the late disclosure does not gain

Schardine an unfair advantage.

The Estate asserts it will be prejudiced by the late disclosure because Schardine was able to provide his report after reviewing the expert disclosures of the Estate – suggesting Sommers could frame his opinions as to who was driving the pickup based on those disclosures. But the Estate fails to articulate how reviewing the Estate's disclosures prior to issuing his report gained Mr. Sommers, and accordingly Schardine, an unfair advantage. In this regard, it is important to note the Estate did not retain or specially employ an accident reconstruction expert from whose report Mr. Sommers could have unfairly pirated information or analysis. Rather, the Estate identified law enforcement officers from the Montana Highway Patrol and local agencies who investigated the underlying crash and testified at the criminal proceedings. The anticipated testimony of those officers, as noted by the Estate, will be the facts and opinions identified by them "while testifying at [Schardine's] underlying criminal proceedings." (Doc. 32-2 at 1-4.)

While the Court does not condone the late disclosure of Rule 26(a)(2)(B) reports, it is compelled to conclude that the exclusionary sanction of Rule 37(c) is not appropriate under the circumstances. An award of the fees and costs incurred by the Estate in presenting its motion – a motion which precipitated Schardine's compliance with Rule 26(a)(2)(B) – is the more measured sanction.

B.  **Joseph Golliher**

Turning to the Estate's motion as it pertains to Mr. Golliher, the Court finds that Rule 37(c)'s exclusionary sanction is properly imposed. First, Schardine never provided a Rule 26(a)(2)(B) written report from Mr. Golliher. And with the August 11, 2014 discovery deadline imminent, allowing Schardine to file a written report at this juncture would disrupt the schedule implemented for disposition of this action. Finally, Schardine's responsive brief, while mentioning Mr. Golliher, only argued that Mr. Sommers should not be excluded from testifying.

**IV.  Conclusion**

Therefore, for the reasons discussed, IT IS ORDERED that the Estate's motion seeking to exclude the testimony of Schardine's experts is granted in part, and denied in part, as set forth above.

IT IS FURTHER ORDERED that in the absence of the parties' reaching an agreement as to an appropriate amount the Estate should be reimbursed for fees and costs incurred for presenting its motion to the Court, the Estate shall, on or before July 9, 2014, submit its request for an award of fees and costs. Schardine may file his opposition to the application on or before July 18, 2014.

DATED this 26th day of June, 2014.

Jeremiah C. Lynch
United States Magistrate Judge